# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SAINT LAWRENCE COMMUNICATIONS LLC, | § § § | Case No. _____ |
| Plaintiff, | § § | Jury Trial Requested |
| v. | § § | |
| SAMSUNG ELECTRONICS CO. LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; and SAMSUNG AUSTIN SEMICONDUCTOR, LLC, | § § § § § § | |
| Defendants. | § | |

## SAINT LAWRENCE COMMUNICATIONS LLC'S
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Saint Lawrence Communications LLC ("St. Lawrence" or "Plaintiff") hereby submits this Complaint against Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, LLC, Samsung Telecommunications America, LLC, and Samsung Austin Semiconductor, LLC (collectively "Samsung" or "Defendants") and states as follows:

## THE PARTIES

1.  St. Lawrence is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2.  Defendant Samsung Electronics Co. Ltd. is a corporation organized and existing under the laws of the Republic of Korea, having a principal place of business at 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Republic of Korea.

3.  Defendant Samsung Electronics America, Inc. is a wholly-owned subsidiary of Samsung Electronics Co. Ltd. and is incorporated under the laws of New York, having a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

4.  Defendant Samsung Telecommunications America, LLC is a wholly-owned subsidiary of Samsung Electronics Co. Ltd. and is incorporated under the laws of Delaware, having a principal place of business at 1301 E. Lookout Dr., Richardson, Texas 75082.

5.  Defendant Samsung Austin Semiconductor, LLC a wholly-owned subsidiary of Samsung Electronics Co. Ltd. and is a Delaware limited liability company with its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

1

7. Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that Defendants have done business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling St. Lawrence to relief.

## SUMMARY

8. VoiceAge Corporation ("VoiceAge") has been a pioneer in speech and audio compression technologies since its creation in 1999. VoiceAge is widely recognized as the world's leader in developing cutting-edge technologies for wideband, low bit rate speech and audio compression.[1] For example, VoiceAge provided the core technologies for at least nine international speech and audio standards-based codecs used in both wireless and wireline markets and applications. VoiceAge's patented technologies have won every international audio compression standard to which they have been submitted during the last thirteen years, including to the Third Generation Partnership Project ("3GPP"), 3GPP2, the International Telecommunications Union ("ITU"), the European Telecommunications Standards Institute ("ETSI"), and the Motion Picture Experts Group ("MPEG") of the International Organization for Standardization ("ISO").

9. One of the international standards based on the patented technologies of VoiceAge is the Adaptive Multi-Rate-Wideband ("AMR-WB") standard for wideband speech. AMR-WB is a wideband speech coding standard which, among other features, provides significantly improved speech quality at a wider speech bandwidth when compared to narrowband speech coding. AMR-WB is codified as an international standard, including as G.722.2, which was promulgated as a standard speech codec by the ITU Telecommunication Standardization Sector ("ITU-T") as the "Wideband coding of speech at around 16 kbit/s using

---

[1] VoiceAge was also a leader in narrow-band codecs and innovation.

Adaptive Multi-Rate Wideband (AMR-WB)." G.722.2 AMR-WB is the same codec as the 3GPP AMR-WB speech codec, also known as 3GPP TS 26.190.[2]

10.    Several speech codecs competed to serve as the foundation for AMR-WB before the standard was officially adopted. VoiceAge's competitors included candidate codecs developed by such industry heavyweights as Ericsson, Motorola, Texas Instruments, and a consortium comprised of France Telecom, Deutsche Telecom, Nortel Networks, and Siemens.[3] The selection process was rigorous and extensive, involving numerous experiments covering all applications defined for AMR-WB. During the testing, the VoiceAge codec was the only codec to have no failures in any test condition. The VoiceAge codec was the superior codec with respect to speech quality, technical considerations, and test results, and was the codec chosen to be the official AMR-WB standard. VoiceAge had several patent families, each of which issued prior to the adoption of the standard, and which are essential to the AMR-WB standard.[4] Each patent was also independently evaluated by the International Patent Evaluation Consortium (IPEC) and determined to be essential to the standard. This evaluation by IPEC was conducted by an Evaluation Panel comprising a lead Evaluator and two Assistant Evaluators (all three are patent attorneys). The IPEC output documentation consisted of a detailed report of the patent essentiality determination including claim charts and an IPEC certificate of essentiality.

11.    The AMR-WB standardized codec serves a variety of important, growing markets and applications including, but not limited to, high-definition voice services ("HD Voice") in wireless telephony, content for media audio, and mobile voice over internet protocol ("VoIP"). Indeed, in the mobile phone market, HD Voice is the commercial name for the AMR-WB codec.

---

[2] There have been numerous versions or releases of 3GPP TS 26.190 to date, but each of these practices VoiceAge's patented technologies.
[3] VoiceAge worked with Nokia during the standard-selection process.
[4] VoiceAge also had patents essential to AMR-WB standard issued in numerous international jurisdictions.

HD Voice is a ground-breaking development in mobile phone technology, as it overcomes the limitations of the 300-3400 Hz voiceband traditionally used in mobile telephony; AMR-WB extends audio bandwidth to 50-7000 Hz, materially improving intelligibility over the narrow-band codec prevalent in mobile telephony.

12. There are numerous benefits to the users of HD Voice. These include, but are not limited to, the following:

- Sound quality is greatly improved;
- It is easier to recognize voices and comprehend accented speech;
- It is easier to distinguish confusing or similar sounds, such as between 's' and 'f';
- It is easier to hear faint voices and to understand speakers in environments in which multiple speakers are speaking at the same time;
- Listening is easier and more life-like, resulting in less "listener fatigue" and reducing miscommunications and misunderstandings;
- It is easier to understand speakers who use a speakerphone or who are in the presence of background noise; and
- It is easier to distinguish and differentiate between multiple voices on a single call.

13. In part, due to benefits like these, deployment of HD Voice is accelerating rapidly, both in the United States and globally. In the United States, T-Mobile has launched and supports HD Voice through the AMR-WB codec, with other carriers announcing plans to do the same later this year. As of March of 2014, at least 329 different mobile phones support HD Voice. Samsung actively manufactures, imports, markets and sells HD Voice phones, and at least 55 different Samsung mobile phones are HD Voice phones and therefore support the AMR-WB codec; without the AMR-WB codec developed by VoiceAge, Samsung would be unable to manufacture, import, market or sell a single HD Voice Phone.

14. Like other manufacturers and vendors who have chosen to implement HD Voice, Samsung has been given permission to use the HD Voice logo. The license agreement governing use of that HD Voice logo unambiguously requires the use of the AMR-WB codec. For

example, the license agreement mandates that the "minimum requirements for mobile HD Voice devices" include "[s]upporting the AMR-WB codec."[5]

15.     As HD Voice began to proliferate across the United States and internationally, VoiceAge partnered under an agreement with St. Lawrence to protect and license its patented inventions and intellectual property.  On information and belief, prior to the filing of this Complaint, including through communications between Samsung and VoiceAge, Samsung had actual notice of the patents asserted here and of its infringement of these patents.  Samsung is not licensed to the patents asserted in this Complaint, yet Samsung knowingly, actively, and lucratively practices and induces others to practice the patents.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,795,805

16.     On September 21, 2004, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,795,805 ("the '805 Patent"), entitled "Periodicity Enhancement in Decoding Wideband Signals."  St. Lawrence holds all rights, title, and interest in and to the '805 Patent.

17.     Upon information and belief, Samsung has infringed directly continues to infringe directly the '805 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard ("Samsung HD Voice phones").  Samsung's infringing products include at least the HD Voice phones offered for sale in the United States by T-Mobile including, but not limited to: Galaxy Light; Galaxy Note; Galaxy Note II; Galaxy Note 3; Galaxy S 4G; Galaxy S II; Galaxy S III; Galaxy S4; and the Galaxy S5.  These phones are among the larger range of Samsung HD Voice phones, each of which practices the '805 patent. On information and belief, the Samsung HD Voice

---

[5] *See* GSMA's HD Voice Logo License Agreement, Annex C-Version 1.0, at Annex C2 ("Minimum Requirements for Mobile HD Voice devices"), p.5.

mobile phones which practice the '805 Patent at least as of March 21, 2014 (if not earlier) are attached as Exhibit A to this Complaint and are incorporated by reference.  As alleged above, Samsung had actual notice of the patents asserted here and of its infringement of these patents.  In addition to its direct infringement, Samsung has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the method claims of the '805 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Samsung HD Voice mobile phones, covered by one or more method claims of the '805 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Samsung HD Voice mobile phones are the direct infringers of the '805 patent.  Samsung advertises and promotes its Samsung HD Voice phones on its website.[6]  Samsung provides, makes, uses, licenses, sells, and offers its Samsung HD Voice phones for sale with the specific intent that its customers use those phones in an infringing manner.[7] Samsung sells or offers to sell its HD Voice phones for use in practicing St. Lawrence's patented processes, and those HD voice phones are material to practicing St. Lawrence's invention.  The HD voice features have no substantial non-infringing uses, and are known by Samsung to be especially made or

---

[6] See, for example, http://www.samsungmobilepress.com/2014/04/01/Samsung-Unveils-New-Galaxy-Tab4-Series-1; http://www.samsungmobilepress.com/2014/02/25/GALAXY-S5; http://www.samsung.com/global/microsite/galaxys2/html/specification.html; http://www.t-mobile.com/cell-phones/samsung-galaxy-s-5.html and http://www.samsungmobilepress.com/2013/03/14/GALAXY-S4-1.
[7] See, for example, http://www.samsung.com/global/business/business-images/resource/white-paper/2013/01/SamsungCaseSmartVoLTESolution-0.pdf, noting: "Through the use of Adaptive Multirate Wideband (AMR-WB) codecs (12.65kbps or 23.85kpbs) and QoS Class Identifier (QCI) SIP signalling, VoLTE provides "HD Voice" for a noticeably better end user experience compared to OTT VoIP and even 3G". See also http://www.samsung.com/global/business/telecommunication-systems/telecommunication-systems/lte/volte, describing how the use of HD Voice "serves to double both the sampling rate and the width of the sound spectrum, substantially increasing sound quality whilst reducing bandwidth requirements," which "provides users with a whole new dimension to both voice and video communications, for a fully immersive carrier-grade experience."

especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Samsung's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

18. The acts of infringement by Defendants have caused damage to St. Lawrence, and St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of St. Lawrence's exclusive rights under the '805 Patent by Defendants has damaged and will continue to damage St. Lawrence, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

19. Upon information and belief, Defendants actually knew of, or were willfully blind to, the existence of the '805 Patent, yet Defendants continue to infringe said patent. The infringement of the '805 Patent by Defendants is willful and deliberate, and with full knowledge of the patent, entitling St. Lawrence to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,807,524

20. On October 19, 2004, the USPTO duly and legally issued United States Patent No. 6,807,524 ("the '524 Patent"), entitled "Perceptual Weighting Device and Method for Efficient Coding of Wideband Signals." St. Lawrence holds all rights, title, and interest in and to the '524 Patent.

21. Upon information and belief, Samsung has infringed directly and indirectly and continues to infringe directly and indirectly the '524 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard. Samsung's infringing products include at least the HD Voice phones

offered for sale in the United States by T-Mobile including, but not limited to: Galaxy Light; Galaxy Note; Galaxy Note II; Galaxy Note 3; Galaxy S 4G; Galaxy S II; Galaxy S III; Galaxy S4; and the Galaxy S5.  These phones are among the larger range of Samsung HD Voice phones, each of which practices the '524 patent. On information and belief, the Samsung HD Voice mobile phones which practice the '524 Patent at least as of March 21, 2014 (if not earlier) are attached as Exhibit A to this Complaint and are incorporated by reference.  As alleged above, Samsung had actual notice of the patents asserted here and of its infringement of these patents. In addition to its direct infringement, Samsung has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the method claims of the '524 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Samsung HD Voice mobile phones, covered by one or more method claims of the '524 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Samsung HD Voice mobile phones are the direct infringers of the '524 patent.  Samsung advertises and promotes its Samsung HD Voice phones on its website.[8]  Samsung provides, makes, uses, licenses, sells, and offers its Samsung HD Voice phones for sale with the specific intent that its customers use those phones in an infringing manner.[9] Samsung sells or offers to

---

[8]See, for example, http://www.samsungmobilepress.com/2014/04/01/Samsung-Unveils-New-Galaxy-Tab4-Series-1; http://www.samsungmobilepress.com/2014/02/25/GALAXY-S5; http://www.samsung.com/global/microsite/galaxys2/html/specification.html; http://www.t-mobile.com/cell-phones/samsung-galaxy-s-5.html and http://www.samsungmobilepress.com/2013/03/14/GALAXY-S4-1.
[9]See, for example, http://www.samsung.com/global/business/business-images/resource/white-paper/2013/01/SamsungCaseSmartVoLTESolution-0.pdf, noting: "Through the use of Adaptive Multirate Wideband (AMR-WB) codecs (12.65kbps or 23.85kpbs) and QoS Class Identifier (QCI) SIP signalling, VoLTE provides "HD Voice" for a noticeably better end user experience compared to OTT VoIP and even 3G". See also http://www.samsung.com/global/business/telecommunication-systems/telecommunication-systems/lte/volte, describing how the use of HD Voice "serves to double both the sampling rate and the width of the sound spectrum, substantially increasing sound quality whilst reducing bandwidth requirements," which "provides users with a whole new dimension to both voice and video communications, for a fully immersive carrier-grade experience."

sell its HD Voice phones for use in practicing St. Lawrence's patented processes, and those HD voice phones are material to practicing St. Lawrence's invention. The HD voice features have no substantial non-infringing uses, and are known by Samsung to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Samsung's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

22. The acts of infringement by Defendants have caused damage to St. Lawrence, and St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of St. Lawrence's exclusive rights under the '524 Patent by Defendants has damaged and will continue to damage St. Lawrence, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

23. Upon information and belief, Defendants actually knew of, or were willfully blind to, the existence of the '524 Patent, yet Defendants continue to infringe said patent. The infringement of the '524 Patent by Defendants is willful and deliberate, and with full knowledge of the patent, entitling St. Lawrence to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,151,802

24. On December 19, 2006, the USPTO duly and legally issued United States Patent No. 7,151,802 ("the '802 Patent"), entitled "High Frequency Content Recovering Method and Device for Over-Sampled Synthesized Wideband Signal." St. Lawrence holds all rights, title, and interest in and to the '802 Patent.

25. Upon information and belief, Samsung has infringed directly and indirectly and continues to infringe directly and indirectly the '802 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard. Samsung's infringing products include at least the HD Voice phones offered for sale in the United States by T-Mobile including, but not limited to: Galaxy Light; Galaxy Note; Galaxy Note II; Galaxy Note 3; Galaxy S 4G; Galaxy S II; Galaxy S III; Galaxy S4; and the Galaxy S5. These phones are among the larger range of Samsung HD Voice phones, each of which practices the '802 patent. On information and belief, the Samsung HD Voice mobile phones which practice the '802 Patent at least as of March 21, 2014 (if not earlier) are attached as Exhibit A to this Complaint and are incorporated by reference.

26. The acts of infringement by Defendants have caused damage to St. Lawrence, and St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of St. Lawrence's exclusive rights under the '802 Patent by Defendants has damaged and will continue to damage St. Lawrence, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

27. Upon information and belief, Defendants actually knew of, or were willfully blind to, the existence of the '802 Patent, yet Defendants continue to infringe said patent. The infringement of the '802 Patent by Defendants is willful and deliberate, and with full knowledge of the patent, entitling St. Lawrence to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,260,521

28.     On August 21, 2007, the USPTO duly and legally issued United States Patent No. 7,260,521 ("the '521 Patent"), entitled "Method and Device for Adaptive Bandwidth Pitch Search in Coding Wideband Signals." St. Lawrence holds all rights, title, and interest in and to the '521 Patent.

29.     Upon information and belief, Samsung has infringed directly and continues to infringe directly the '521 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard. Samsung's infringing products include at least the HD Voice phones offered for sale in the United States by T-Mobile including, but not limited to: Galaxy Light; Galaxy Note; Galaxy Note II; Galaxy Note 3; Galaxy S 4G; Galaxy S II; Galaxy S III; Galaxy S4; and the Galaxy S5. These phones are among the larger range of Samsung HD Voice phones, each of which practices the '521 patent. On information and belief, the Samsung HD Voice mobile phones which practice the '521 Patent at least as of March 21, 2014 (if not earlier) are attached as Exhibit A to this Complaint and are incorporated by reference. As alleged above, Samsung had actual notice of the patents asserted here and of its infringement of these patents. In addition to its direct infringement, Samsung has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the method claims of the '521 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Samsung HD Voice mobile phones, covered by one or more method claims of the '521 patent, all to the injury of St. Lawrence. In the case of such infringement, the users of the Samsung HD Voice mobile phones are the direct infringers of the '521 patent. Samsung advertises and promotes its

Samsung HD Voice phones on its website.[10] Samsung provides, makes, uses, licenses, sells, and offers its Samsung HD Voice phones for sale with the specific intent that its customers use those phones in an infringing manner.[11] Samsung sells or offers to sell its HD Voice phones for use in practicing St. Lawrence's patented processes, and those HD voice phones are material to practicing St. Lawrence's invention. The HD voice features have no substantial non-infringing uses, and are known by Samsung to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Samsung's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights

30. The acts of infringement by Defendants have caused damage to St. Lawrence, and St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of St. Lawrence's exclusive rights under the '521 Patent by Defendants has damaged and will continue to damage St. Lawrence, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

31. Upon information and belief, Defendants actually knew of, or were willfully blind to, the existence of the '521 Patent, yet Defendants continue to infringe said patent. The

---

[10] See, for example, http://www.samsungmobilepress.com/2014/04/01/Samsung-Unveils-New-Galaxy-Tab4-Series-1; http://www.samsungmobilepress.com/2014/02/25/GALAXY-S5; http://www.samsung.com/global/microsite/galaxys2/html/specification.html; http://www.t-mobile.com/cell-phones/samsung-galaxy-s-5.html and http://www.samsungmobilepress.com/2013/03/14/GALAXY-S4-1.
[11] See, for example, http://www.samsung.com/global/business/business-images/resource/white-paper/2013/01/SamsungCaseSmartVoLTESolution-0.pdf, noting: "Through the use of Adaptive Multirate Wideband (AMR-WB) codecs (12.65kbps or 23.85kpbs) and QoS Class Identifier (QCI) SIP signalling, VoLTE provides "HD Voice" for a noticeably better end user experience compared to OTT VoIP and even 3G". See also http://www.samsung.com/global/business/telecommunication-systems/telecommunication-systems/lte/volte, describing how the use of HD Voice "serves to double both the sampling rate and the width of the sound spectrum, substantially increasing sound quality whilst reducing bandwidth requirements," which "provides users with a whole new dimension to both voice and video communications, for a fully immersive carrier-grade experience."

infringement of the '521 Patent by Defendants is willful and deliberate, and with full knowledge of the patent, entitling St. Lawrence to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,191,123

32. On March 13, 2007, the USPTO duly and legally issued United States Patent No. 7,191,123 ("the '123 Patent"), entitled "Gain-Smoothing in Wideband Speech and Audio Signal Decoder." St. Lawrence holds all rights, title, and interest in and to the '123 Patent.

33. Upon information and belief, Samsung has infringed directly and indirectly and continues to infringe directly and indirectly the '123 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard. Samsung's infringing products include the HD Voice phones offered for sale in the United States by T-Mobile; these phones include, but are not limited to: Galaxy Light; Galaxy Note; Galaxy Note II; Galaxy Note 3; Galaxy S 4G; Galaxy S II; Galaxy S III; Galaxy S4; and the Galaxy S5. These phones are among the larger range of Samsung HD Voice phones, each of which practices the '123 patent. On information and belief, the Samsung HD Voice mobile phones which practice the '123 Patent at least as of March 21, 2014 (if not earlier) are attached as Exhibit A to this Complaint and are incorporated by reference. As alleged above, Samsung had actual notice of the patents asserted here and of its infringement of these patents. In addition to its direct infringement, Samsung has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the method claims of the '123 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Samsung HD Voice mobile phones, covered by one or more method claims of the

'123 patent, all to the injury of St. Lawrence. In the case of such infringement, the users of the Samsung HD Voice mobile phones are the direct infringers of the '123 patent. Samsung advertises and promotes its Samsung HD Voice phones on its website.[12] Samsung provides, makes, uses, licenses, sells, and offers its Samsung HD Voice phones for sale with the specific intent that its customers use those phones in an infringing manner.[13] Samsung sells or offers to sell its HD Voice phones for use in practicing St. Lawrence's patented processes, and those HD voice phones are material to practicing St. Lawrence's invention. The HD voice features have no substantial non-infringing uses, and are known by Samsung to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Samsung's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

34.     The acts of infringement by Defendants have caused damage to St. Lawrence, and St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of St. Lawrence's exclusive rights under the '123 Patent by Defendants has damaged and will continue to damage St. Lawrence, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

---

[12]See, for example, http://www.samsungmobilepress.com/2014/04/01/Samsung-Unveils-New-Galaxy-Tab4-Series-1; http://www.samsungmobilepress.com/2014/02/25/GALAXY-S5; http://www.samsung.com/global/microsite/galaxys2/html/specification.html; http://www.t-mobile.com/cell-phones/samsung-galaxy-s-5.html and http://www.samsungmobilepress.com/2013/03/14/GALAXY-S4-1.

[13]See, for example, http://www.samsung.com/global/business/business-images/resource/white-paper/2013/01/SamsungCaseSmartVoLTESolution-0.pdf, noting: "Through the use of Adaptive Multirate Wideband (AMR-WB) codecs (12.65kbps or 23.85kpbs) and QoS Class Identifier (QCI) SIP signalling, VoLTE provides "HD Voice" for a noticeably better end user experience compared to OTT VoIP and even 3G". See also http://www.samsung.com/global/business/telecommunication-systems/telecommunication-systems/lte/volte, describing how the use of HD Voice "serves to double both the sampling rate and the width of the sound spectrum, substantially increasing sound quality whilst reducing bandwidth requirements," which "provides users with a whole new dimension to both voice and video communications, for a fully immersive carrier-grade experience."

35. Upon information and belief, Defendants actually knew of, or were willfully blind to, the existence of the '123 Patent, yet Defendants continue to infringe said patent. The infringement of the '123 Patent by Defendants is willful and deliberate, and with full knowledge of the patent, entitling St. Lawrence to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

36. St. Lawrence hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, St. Lawrence requests entry of judgment in its favor and against Defendants as follows:

a. A declaration that Defendants have infringed and are infringing the '805, '524, '802,'521, and '123 Patents;

b. An Order permanently enjoining Defendants, their officers, agents, employees, and those acting in privity with it, from further direct and/or indirect infringement of the '805, '524, '802,'521, and '123 Patents;

c. An award of damages to St. Lawrence arising out of Defendants' infringement of the '805, '524, '802,'521, and '123 Patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

d. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

e. Granting St. Lawrence its costs and further relief as the Court may deem just and proper.

Dated: April 2, 2014

Respectfully submitted,

*/s/ Demetrios Anaipakos*
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Brian E. Simmons
Texas Bar No. 24004922
bsimmons@azalaw.com
Alisa A. Lipski
Texas Bar No. 24141345
alipski@azalaw.com
Kyril V. Talanov
Texas Bar No. 24075139
ktalanov@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS,
 ALAVI & MENSING P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR PLAINTIFF**